FILED
August 10, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002842720

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Proposed Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| In re:                          | Case No. 10-19058-A-11 |
|---|---|
| SHADY ACRES DAIRY,              | Chapter 11             |
|     Debtor-in-Possession. | DC No. KDG-1 |
|                                 | Emergency Hearing Date: August 11, 2010<br>Emergency Hearing Time: 9:00 a.m.<br>Final Hearing Date: To be set<br>Final Hearing Time: To be set<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, California<br>Judge: Honorable Whitney Rimel |

### MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION

**MOTION**

SHADY ACRES DAIRY, a California general partnership, Debtor and Debtor-in-Possession in the above-referenced case ("Debtor"), respectfully requests an order authorizing it to use "cash collateral" in the form of bank deposits, milk proceeds, proceeds received from the disposition of livestock in the ordinary course of business, and an anticipated advance to be received from Farm Credit West ("the Cash Collateral"), and to grant adequate protection to the secured creditors asserting an interest in the cash collateral. In support of this motion (the "Motion"), Debtor represents the following:

## JURISDICTION AND VENUE

1. Debtor commenced this Chapter 11 case by filing its Voluntary Petition under Chapter 11 of the Code on August 9, 2010. There is no Chapter 11 Trustee in this case and, therefore, Debtor is also a Debtor-in-Possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). These matters have been referred to the Court by United States District Court for the Eastern District of California according to General Orders 182 and 223.

3. Venue is properly in this Court pursuant to 28 U.S.C. § 1409(a).

## LEGAL BASIS FOR MOTION

4. In accordance with 11 U.S.C. § 363(b) & (c), Rules 9014, 4001(b), 2002(a)(2) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Rule 9014-1, Debtor seeks an order of the Court authorizing the use of the Cash Collateral, and to grant adequate protection of those secured creditors asserting an interest in the cash collateral.

## FACTUAL BASIS FOR MOTION

5. Debtor was formed on January 1, 1999. The partners of Debtor are Beverly Anker (20%), the Bypass Trust under the Will of Edward G. Anker (50%), Edward C. Anker (10%), Christopher Anker (10%), and Joshua Anker (10%). Beverly Anker is the Managing Partner.

6. Debtor is engaged in a dairy and farming business in Fresno and Tulare Counties, California. Debtor's primary assets are farmland, livestock, crops and equipment. Debtor owns about 5,500 animals including milk cows, dry cows, heifers, calves, and bulls. Debtor owns about 1300 acres of real property including two dairy facilities and about 800 acres of farmland. Debtor currently employs about 21 people. Before filling for relief under Chapter 11, Debtor's dairy and farming operations were financed primarily by Farm Credit West.

7. The dairy industry is suffering one of the worse recessions it has faced. The price of milk paid to dairy farmers is about 30% less than the amount paid to dairy farmers 30

months ago. This reduced price has also caused the value of dairy cows to drop. The reduced price of milk has cause Debtor to fall behind in payments to its creditors. Additionally, Farm Credit West was unwilling to renew a loan that became due and payable on August 1, 2010. Therefore, Debtor filed this Chapter 11 case in order to continue the operation of its dairy and farming business and reorganize its business and financial affairs.

    8.    "Cash Collateral" consists of the following:

        a.    money on deposit;

        b.    milk proceeds;

        c.    proceeds received from the disposition of livestock in the normal course of business including culling cows and calf sales; and

        d.    money from an advance by Farm Credit West to Debtor for the care and maintenance of the Debtor's herd.

    9.    Debtor anticipates that it will enter an agreement with Farm Credit West concerning the use of cash collateral. Under the agreement, Farm Credit West will agree to (a) allow Debtor the use of cash collateral and (b) advance $70,000.00 to Debtor immediately for the feeding and care of Debtor's livestock. Under the agreement, Debtor will agree to (a) provide Farm Credit West the adequate protection indicated below, (b) report its use of cash collateral to Farm Credit West, and (c) repay the advance on or before September 15, 2010.

    10.    Based upon a search of the records on file with the California Secretary of State's office, Debtor believes that Farm Credit West, Penny Newman Grain Co., and Penny Newman Milling, LLC, all have valid UCC financing statements on file. In addition, J.D. Heiskell Holdings, LLC has filed a UCC financing statement asserting a Dairy Supply Lien against Debtor. However, Debtor disputes the validity of the lien filed by J.D. Heiskell because it is the third Dairy Supply Lien filed and only two such liens are allowed by statute. See California Food and Agricultural Code Section 57402.

## AMOUNT OF CASH COLLATERAL USE SOUGHT BY DEBTOR

11. Debtor expects to move quickly in proposing a plan of reorganization, but Debtor cannot determine with certainty the timetable for filing a plan of reorganization. In the interim, Debtor seeks the authorization of the Court to use cash collateral from August 2010 through December 2010. However, in order to avoid immediate and irreparable harm, pending a final hearing on the Motion, Debtor requests interim authorization to use cash collateral on a weekly basis as set forth in the budget attached as Exhibit "A" (the "Budget") to the Exhibits to Motion to Use Cash Collateral and Grant Adequate Protection within a 10% variance. Debtor requests authorization to use about $660,000.00 from August 9, 2010 through September 5, 2010 as described in the Budget.

12. Debtor will submit a budget indicating purpose and amount of cash collateral that will be necessary for Debtor from September 6, 2010 through December 2010 before a final hearing on this Motion.

## ADEQUATE PROTECTION OFFERED BY DEBTOR

13. Debtor will provide Farm Credit West, Penny Newman Grain Co., and Penny Newman Milling, LLC (collectively "the Secured Parties') with adequate protection by:

    a. caring for and maintaining the Secured Parties' collateral,

    b. granting replacement liens on accounts receivable and other property interests generated by Debtor of the same type and nature as existed when Debtor filed its case, and

    c. making adequate protection payments to the Secured Parties beginning in October 2010 in the amounts that will be indicated in the Budget.

14. Additionally, the interests of the Secured Parties are adequately protected by an equity cushion.

## PRAYER FOR RELIEF

**WHEREFORE,** Debtor prays for an order:

1. Authorizing it to use the cash collateral from August 2010 through December 2010;

1. 2. Authorizing interim cash collateral on a weekly basis starting on August 9, 2010 and continuing until September 5, 2010, as set forth in the Budget with a 10% variance;

3. Authorizing Debtor to accept an advance from Farm Credit West under the terms of the set forth herein;

4. Granting adequate protection to the Secured Creditors as described above; and

5. For such other and further relief as is just and proper.

Date: August 10, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: /s/ Hagop T. Bedoyan
HAGOP T. BEDOYAN
Attorneys for Debtor-in-Possession