Case 10-19058 Filed 08/29/11 Doc 376

2010-19058
FILED
August 29, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003714603

HAGOP T. BEDOYAN, CSB No. 131285
JACOB L. EATON, CSB No. 244834
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4500 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 395-1000
Facsimile: (661) 926-0418
e-mail: jeaton@kleinlaw.com

Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SHADY ACRES DAIRY,<br><br>Debtor-in-Possession. | Case No. 10-19058-A-11<br><br>Chapter 11<br><br>DC No. KDG-12<br><br>Date: August 10, 2011<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, California<br>Judge: Honorable Whitney Rimel |

**FINDINGS OF FACT IN SUPPORT OF CONFIRMATION OF
MODIFIED PLAN OF REORGANIZATION DATED AUGUST 19, 2011**

I.  **Introduction**[1]

Confirmation of the *Modified Plan of Reorganization Dated March 23, 2011* ("3/23 Plan") filed by SHADY ACRES DAIRY, a California partnership ("Debtor") came on for hearing before the Honorable Whitney Rimel, United States Bankruptcy Court Judge, on August 10, 2011, in Fresno, California, after notice to Debtor, the United States Trustee, the Securities and Exchange Commission, all creditors and parties requesting special notice. Jacob L. Eaton, Esq. appeared for Debtor. Craig B. Fry, Esq. appeared for Farm Credit West, FLCA and Farm Credit West, PCA. Bradley A. Silva, Esq. appeared for Penny Newman Grain Co.

---

[1] Capitalized terms herein shall have the same meaning as set forth in the Plan unless stated otherwise.

RECEIVED
August 19, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003714603

1  and Penny-Newman Milling, LLC. Gregory Powell, Esq. appeared for the United States
2  Trustee.
3      The Court reviewed the 3/23 Plan, the *Modified Plan of Reorganization Dated August
4  19, 2011* ("the Plan"), the *Worksheets for Determining Acceptance of Modified Plan of
5  Reorganization Dated March 23, 2011* submitted by Debtor, the *Memorandum of Points and
6  Authorities in Support of Confirmation of Modified Plan of Reorganization Dated March 23,
7  2011*, the *Declaration of Edward Anker in Support of Confirmation of Modified Plan of
8  Reorganization Dated March 23, 2011*, the *Ballots on Modified Plan of Reorganization Dated
9  March 23, 2011*, the *Objections by Penny Newman Grain Co. to Modified Plan of
10  Reorganization Dated March 23, 2011*, the *Objections by J.D. Heiskell Co. to Confirmation of
11  Modified Plan of Reorganization Dated March 23, 2011*, and considered the comments made
12  on the record by counsel for Debtor and other counsel.
13      After determining (1) that copies of the 3/23 Plan and the *Modified Disclosure
14  Statement Dated March 16, 2011* approved by the Court had been served on Debtor, the
15  United States Trustee, the Securities and Exchange Commission, all creditors, parties in
16  interest, and parties requesting special notice and (2) that the Plan contains modifications to the
17  3/23 Plan that affect only those creditors that have approved the *Order Confirming Modified
18  Plan of Reorganization Dated August 19, 2011 and Setting Administrative Bar Dates*, the Court
19  makes the following findings as more fully described on the record at the hearing held on
20  August 10, 2010:

21  **II.     Findings of Fact and Conclusions of Law**

22    1.    The *Modified Plan of Reorganization Dated August 19, 2010* filed by Debtor
23  complies with the applicable provisions of Chapter 11 of the Bankruptcy Code and meets the
24  requirements of 11 U.S.C. § 1129 as more fully described below.
25    2.    The Plan has been proposed in good faith and not by any means forbidden by
26  law.
27  ///
28  ///

3. Any payment made or promised by Debtor or the estate for the services or for costs and expenses incurred in connection with the case, or in connection with the Plan and incident to the case, have been disclosed to the Court.

4. Each holder of a claim or interest of an impaired class that has accepted the Plan has, or will receive or retain under the Plan, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the estate was liquidated under Chapter 7 on account of such claim.

5. The Plan has been accepted by at least one class of claims impaired under the Plan excluding insiders of Debtor.

6. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of Debtor.

7. All required Court and United States Trustee fees will be paid before the Effective Date of the Plan.

8. The Plan is fair and equitable as it relates to treatment of the following class of claims that are impaired under the Plan but did not return Ballots or accept the Plan as required by 11 U.S.C. § 1129(a)(8):

| Class Two | Non-administrative Priority Claims (none) |
| Class Nine | Penny-Newman Milling, LLC |

9. Penny Newman Grain Co. withdrew its objection to confirmation of the Plan.

10. Farm Credit West, FLCA and Farm Credit West, PCA withdrew their rejections of the Plan and have accepted the Plan.

11. The Objections of J.D. Heiskell Co. are overruled because (a) J.D. Heiskell Co.'s claim is a general unsecured claim and (b) the Class 14 general unsecured creditors has accepted the Plan.

12. Notice of the hearing on confirmation of the Plan was adequate and, based upon the foregoing, good cause appears for the entry of an Order confirming the Plan.

///
///

1   13. The Court will issue a separate Order confirming the Plan and setting specified
2 deadlines as set forth in the Plan.

Dated:

Aug 29, 2011

*[signature]*
United States Bankruptcy Judge